UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF MELISSA LINDSAY,

    Plaintiff,

v.                                        Case No: 8:21-cv-1238-WFJ-JSS

GULF SHORE FACILITY, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion to Remand to State Court ("Motion"). (Dkt. 5.) For the reasons that follow, the Court recommends that the Motion be granted.

## BACKGROUND

Plaintiff, the Estate of Melissa Lindsay ("Plaintiff"), initially commenced this action against Defendant Gulf Shore Facility, Inc. ("Defendant") in the Sixth Judicial Circuit for Pinellas County asserting two causes of action for negligence and wrongful death under Florida law. (Dkt. 1.) According to Plaintiff, Melissa Lindsay ("Ms. Lindsay") was admitted as a resident to Gulf Shore Care Center, a long-term care facility owned and operated by Defendant (the "Facility"), on April 29, 2020. (*Id.* at 24.) Plaintiff alleges that Defendant negligently failed to protect against the spread of COVID-19 within the Facility, resulting in the death of Ms. Lindsay. (*Id.* at 25–30.)

Defendant removed this action pursuant to 28 U.S.C. § 1441(a) based on the assertion that "Plaintiff's claims are completely preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e ("PREP Act") and thus arise under federal law." (Dkt. 1 at 2.) Plaintiff disagrees and moves the Court to remand the action back to state court. (Dkt. 5.)

**The Prep Act**

Congress enacted the PREP Act in 2005 and authorized the Secretary of Health and Human Services (the "Secretary") to "make[] a determination that a disease or other health condition or other threat to health constitutes a public health emergency, or that there is a credible risk that the disease, condition, or threat may in the future constitute such an emergency." 42 U.S.C. § 247d-6d(b)(1). If the Secretary makes such a determination, the Secretary is further empowered to make a declaration "recommending, under conditions as the Secretary may specify, the manufacture, testing, development, distribution, administration, or use of one or more covered countermeasures." *Id.* After the Secretary issues a declaration under the PREP Act, a covered person, as defined by the statute, is "immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." *Id.* at § 247d-6d(a)(1). The Secretary must specify the duration of the liability immunity for each covered countermeasure in the declaration. *Id.* § 247d-6d(b)(2)(B). Finally, the Secretary may amend the declaration through

publication in the Federal Register, but any amendment shall not apply retroactively to limit immunity from suit. *Id.* § 247d-6d(b)(4).

Additionally, the PREP Act sets forth a single exception to the immunity from suit and liability for "death or serious physical injury proximately caused by willful misconduct" by a covered person. *Id.* at § 247d-6d(d)(1). The Act provides for exclusive federal jurisdiction over a cause of action under this subsection and further requires that any such action be filed in the United States District Court for the District of Columbia, after exhaustion of administrative remedies. *Id.* at § 247d-6d(d), (e).

In March 2020, the Secretary issued a PREP Act declaration relating to the COVID-19 pandemic. *See* Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198 (Mar. 17, 2020). The Secretary subsequently amended the declaration multiple times. *See, e.g.*, Fourth Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 79,190 (Dec. 9, 2020); Ninth Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 86 Fed. Reg. 51,160 (Sept. 14, 2021).

## APPLICABLE STANDARDS

The "inferior federal courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168

F.3d 405, 409 (11th Cir. 1999). Federal district courts have original jurisdiction over actions where diversity of citizenship exists (28 U.S.C. § 1332(a)) and actions arising under federal law (28 U.S.C. § 1331). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 7–12 (1983).

A defendant may remove an action filed in state court that is within the federal court's original jurisdiction, meaning the action could have been filed in federal court in the first instance. 28 U.S.C. § 1441(a); *see Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009); *Premier Inpatient Partners LLC v. Aetna Health & Life Ins. Co.*, 371 F. Supp. 3d 1056, 1064 (M.D. Fla. 2019); *cf. City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."); *Caterpillar Inc.*, 482 U.S. at 392. The removing party "bears the burden of establishing jurisdiction" on a motion to remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citing *Diaz*, 85 F.3d at 1505). If a court determines that a case was not properly removed "because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd.*, 463 U.S. at 8.

## ANALYSIS

### A. <u>Complete Preemption</u>

In its Notice of Removal, Defendant contends that removal is proper because Plaintiff's claims are completely preempted by the PREP Act and arise under federal law. (Dkt. 1.) In the Motion, Plaintiff contends that the doctrine of complete preemption does not apply, and that Plaintiff's claims for negligence and wrongful death arise under state law, thereby warranting remand. (Dkt. 5.) Neither party contends that diversity jurisdiction would supply an alternative basis for removal. (Dkts. 5, 7.)

When considering whether a claim arises under federal law, the court examines only the "'well-pleaded' allegations of the complaint and ignore[s] potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *see Caterpillar Inc.*, 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."). Indeed, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393.

To the extent Defendant raises the PREP Act as an affirmative defense to Plaintiff's claims, this is insufficient to establish federal jurisdiction. Defendant contends that even though Plaintiff pleaded exclusively state law claims, the allegations "sound in federal law" and thus create federal question jurisdiction. (Dkt. 7 at 17.) "[A] federal defense does not make the case removable, even if the defense is preemption and even if the validity of the preemption defense is the only issue to be resolved in the case." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citing *Caterpillar Inc.*, 482 U.S. at 393); *see Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 407 (3d Cir. 2021) ("Ordinarily, a defense of federal preemption does not provide a basis for removal because it does not appear on the face of the well-pleaded complaint."). Plaintiff is the "master of the claim" and may avoid federal jurisdiction by exclusively pleading state law claims. *Caterpillar Inc.*, 482 U.S. at 392.

Notwithstanding, Defendant also argues that federal jurisdiction exists here pursuant to a narrow exception to the "well-pleaded complaint" rule: the doctrine of complete preemption. Complete preemption "exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim," thereby providing federal jurisdiction. *Conn. State Dental Ass'n*, 591 F.3d at 1343; *see Metro. Life Ins. Co.*, 481 U.S. at 63–64 ("One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.").

"Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc.*, 482 U.S. at 393. Complete preemption exists only where "Congress has clearly manifested an intent to make causes of action . . . removable to federal court." *Metro. Life Ins. Co.*, 481 U.S. at 66. Such explicit intent is exceedingly rare and found only in limited circumstances. *See Turner v. Bristol at Tampa Rehab. & Nursing Ctr., LLC*, No. 8:21-cv-0719-KKM-CPT, 2021 WL 4261430, at *2 (M.D. Fla. Sept. 20, 2021) (finding that the PREP Act did not provide complete preemption); *Est. of Smith ex rel. Smith v. Bristol at Tampa Rehab. & Nursing Ctr., LLC*, No. 8:20-cv-2798-T-60SPF, 2021 WL 100376, at *1 (M.D. Fla. Jan. 12, 2021) (same); *Rodina v. Big Blue Healthcare, Inc.*, No. 2:20-cv-2319-HLT-JPO, 2020 WL 4815102, at *2 (D. Kan. Aug. 19, 2020) (same). "Absent an express provision allowing removal of state-law claims, complete preemption only arises if a federal statute creates an exclusive federal cause of action that 'wholly displaces' the state-law claim the plaintiff asserted." *Dorsett v. Highlands Lake Ctr., LLC*, No. 8:21-cv-0910-KKM-AEP, 2021 WL 3879231, at *6 (M.D. Fla. Aug. 31, 2021) (citing *Beneficial Nat'l Bank*, 539 U.S. at 8).

Defendant maintains that the PREP Act is a complete preemption statute because the PREP Act provides "the exclusive remedy" for Plaintiff's claims. (Dkt. 7 at 8–14.) However, most courts have rejected this argument. *See, e.g.*, *Turner*, 2021 WL 4261430, at *6–8; *Persons v. CP/AIG-Pensacola Dev., LLC*, No. 3:20-cv-6006-MCR-

EMT, 2021 WL 5034377, at *4–6 (N.D. Fla. Sept. 9, 2021); *Dorsett*, 2021 WL 3879231, at *6–8; *Schleider v. GVDB Operations, LLC*, No. 21-cv-80664, 2021 WL 2143910, at *3 (S.D. Fla. May 24, 2021); *Est. of Parr ex rel. Parr v. Palm Garden of Winter Haven, LLC*, No. 8:21-cv-764-SCB-SPF, 2021 WL 1851688, at *2 (M.D. Fla. May 10, 2021); *Evans v. Melbourne Terrace RCC, LLC*, No. 6:21-cv-381-JA-GJK, 2021 WL 1687173, at *2 (M.D. Fla. Apr. 29, 2021); *Est. of Jones ex rel. Brown v. St. Jude Operating Co., LLC*, 524 F. Supp. 3d 1101, 1108–12 (D. Or. 2021); *Dupervil v. All. Health Operations, LCC*, 516 F. Supp. 3d 238, 252–57 (E.D.N.Y. 2021); *Est. of Smith*, 2021 WL 100376, at *2; *Gunter v. CCRC OPCO-Freedom Square, LLC*, No. 8:20-cv-1546-T-36TGW, 2020 WL 8461513, at *3–5 (M.D. Fla. Oct. 29, 2020). As previously explained by these courts, the arguments asserted by Defendant may raise the ordinary defense of preemption, but the PREP Act does not provide complete preemption and thus, the right of removal. *Dorsett*, 2021 WL 3879231, at *6 (noting that "the PREP Act merely preempts state laws that create different standards regarding the administration or use of covered countermeasures" which is "a textbook example of ordinary defensive preemption").

Indeed, the PREP Act creates just one exclusive federal cause of action for claims arising from "death or serious physical injury" caused by "willful misconduct." 42 U.S.C. §§ 247d-6d, 247d-6e(d). Plaintiff's claims sound in negligence, not willful conduct, and therefore fall "outside the scope of the exclusive federal cause of action" created by the PREP Act. *See Dorsett*, 2021 WL 3879231, at *7; *Dupervil* 516 F. Supp. 3d at 250 ("[T]he PREP Act does not provide the exclusive cause of action for claims

that fall within its scope; in fact, for the most part, the Act provides no causes of action at all."); *see also* 42 U.S.C. § 247d-6d(c)(1)(B) (noting that the criterion to evaluate "willful misconduct" under the Act "shall be construed as establishing a standard for liability that is more stringent than a standard of negligence in any form or recklessness"). As the PREP Act does not include an express removal provision and does not wholly displace the state law claims asserted by Plaintiff, the doctrine of complete preemption does not apply. *Est. of Parr*, 2021 WL 1851688, at *2 (concluding that the PREP Act does not provide complete preemption); *Evans*, 2021 WL 1687173, at *2 ("[T]he PREP Act is not a complete preemption statute."). Therefore, there is no basis for federal jurisdiction. *See Turner*, 2021 WL 4261430, at *6–8; *Dorsett*, 2021 WL 3879231, at *7.

### B. <u>Deference</u>

Defendant additionally argues that many of the cases cited above were decided before the General Counsel of the Department of Health and Human Services ("HHS") issued an advisory opinion dated January 8, 2021 and the Secretary's Fourth Amendment to the March 2020 PREP Act Declaration. (Dkt. 7 at 4–8.) *See* U.S. Dep't of Health & Hum. Servs., Gen. Counsel, Advisory Opinion 21-01 on the Public Readiness and Emergency Preparedness Act Scope of Preemption Provision (Jan. 8, 2021) (hereinafter Advisory Op.); Fourth Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 79,190 (Dec. 9, 2020). According to Defendant, the Advisory Opinion and Fourth Amendment to the Secretary's Declaration provide a

basis for complete preemption that this Court should adopt and follow. (Dkt. 7 at 4–8.) Specifically, Defendant argues that the Fourth Amendment "*requires deference*" to advisory opinions from HHS. (Dkt. 7 at 4.) Defendant then points to the January 8, 2021 Advisory Opinion, which argues that the PREP Act is a complete preemption statute. Advisory Op. at 2–4.

The Secretary's or General Counsel's interpretation of the preemptive effect of the PREP Act is "not binding on this Court." *Dorsett*, 2021 WL 3879231, at *8. Indeed, the Advisory Opinion explicitly states that it "does not have the force or effect of law." Advisory Op. at 5; *see Dorsett,* 2021 WL 3879231, at *8; *Dupervil*, 516 F. Supp. 3d at 252. Further, HHS "is not delegated authority under the PREP Act to interpret the scope of federal courts' jurisdiction." *Maglioli*, 16 F.4th at 403. Therefore, the Advisory Opinion is not entitled to deference from this Court. *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (explaining that "an interpretation contained in an opinion letter," as opposed to the result of "a formal adjudication or notice-and-comment rulemaking," does "not warrant *Chevron*[1]-style deference" because it "lack[s] the force of law"); *see Dorsett*, 2021 WL 3879231, at *8–10 ("Courts do not defer to an agency's *conclusion* that state law is pre-empted.") (internal punctuation and citation omitted); *Dupervil*, 516 F. Supp. 3d at 252–53.

Rather, the Advisory Opinion is only as powerful as its "power to persuade." *United States v. Mead Corp.*, 533 U.S. 218, 235 (2001). Although the Advisory Opinion

---

[1] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 865 (1984) (holding that a court must defer to an agency's regulation reflecting a reasonable interpretation of an ambiguous statute).

makes sweeping assertions about the complete preemptive effect of the PREP Act, the opinion lacks citation to any authority in support and includes very little analysis of Supreme Court precedent on the doctrine of complete preemption. Indeed, courts in this district and elsewhere, including the Court of Appeals for the Third Circuit, have found that the Advisory Opinion fails to make a persuasive argument that the PREP Act is a complete preemption statute. *See Maglioli*, 16 F.4th at 404; *Turner*, 2021 WL 4261430, at *8–11; *Persons*, 2021 WL 5034377, at *6 ("Therefore, the Court concludes that the Advisory Opinion lacks the power to persuade on complete preemption for removal and is not entitled to deference."); *Dorsett,* 2021 WL 3879231, at *8–11; *Est. of Jones*, 524 F. Supp. 3d at 1111; *Dupervil*, 516 F. Supp. 3d at 252.

Indeed, only two courts have found that the PREP Act provides federal jurisdiction under the complete preemption doctrine. *See Rachal v. Natchitoches Nursing & Rehab. Ctr., LLC*, No. 1:21-cv-00334, at *3 n.3 (W.D. La. Apr. 30, 2021); *Garcia v. Welltower OpCo Grp. LLC*, 522 F. Supp. 3d 734 (C.D. Cal. 2021). However, having considered this matter, the undersigned agrees with the weight of authority finding that the PREP Act is not a complete preemption statute for the reasons set forth above. The undersigned therefore recommends that this Court "join[] the nearly unanimous consensus among the district courts across the country that have addressed the issue and have held that the PREP Act is not a complete preemption statute." *Schleider*, 2021 WL 2143910, at *3; *see Dupervil*, 516 F. Supp. 3d at 255.

## CONCLUSION

Defendant's affirmative defense under the PREP Act fails to create a basis for federal jurisdiction.  Further, Plaintiff's Complaint does not raise any federal claims and the doctrine of complete preemption does not apply.  Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Remand to State Court (Dkt. 5) be **GRANTED** and the Court remand this case to the Sixth Judicial Circuit for Pinellas County, Florida.

**IT IS SO REPORTED** in Tampa, Florida, on December 16, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable William F. Jung
Counsel of Record